UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 10-15891 |
| JOSEPH K. MILLER, | Chapter 7 |
| Debtor. | Judge Pat E. Morgenstern-Clarren |
| | **MEMORANDUM OF OPINION AND ORDER**[1] |

The chapter 7 trustee moves for an order directing the debtor Joseph Miller to turn over to the bankruptcy estate the prepetition pro rata share of his 2010 Lincoln Electric Company bonus.[2] The debtor argues that the funds are not property of the estate or, alternatively, that the funds are exempt.[3] For the reasons stated below, the trustee's motion is denied.

## I. JURISDICTION

Jurisdiction exists under 28 U.S.C. 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

---

[1] This opinion is not intended for publication, either print or electronic.

[2] Docket 26, 42, 44.

[3] Docket 29, 43.

## II. FACTS

The facts are not in dispute:[4]

The debtor Joseph Miller filed a chapter 7 petition on June 17, 2010. His schedule I stated that he had been employed at Lincoln Electric Company as a laborer for three years. His initial schedule B (personal property) listed a total of $175.00 in cash and bank funds and he claimed an exemption in those funds under Ohio Revised Code §§ 2329.66(A)(3) and (A)(18) in his schedule C (property claimed as exempt). He did not list his 2010 Lincoln profit sharing bonus. At the debtor's meeting of creditors, he testified that he had received a Lincoln bonus in 2009; the trustee kept her case file open to see if the debtor would receive a bonus in 2010.

In December 2010, the debtor received a bonus totaling $18,101.98. The trustee then filed a motion seeking turnover of $6,956.12. She calculated this amount based on the assumption that $8,331.12 was the value of the pro-rated portion of the bonus attributable to the prepetition period, added $175.00 for cash and bank funds which the debtor had scheduled, and then subtracted exemptions of $1,550.00 under Ohio Revised Code §§ 2329.66(A)(3) and (A)(18).

The debtor objected to the trustee's motion, and filed amended schedules B and C. In B, he listed the bonus with a value of $4,621.68; in C, he claimed that entire amount as exempt under Ohio Revised Code §§ 2329.66(A)(3), (A)(13), and (A)(18).[5]

---

[4] These undisputed facts are drawn from the debtor's schedules, the parties' stipulations, and the briefs. *See* docket 1, 28, 34, 41. While the debtor also cites to testimony quoted in a different case, that information is hearsay in this case and not admissible to prove any fact. *See* FED. R. EVID. 801 and 802.

[5] The debtor filed duplicate amendments on February 9, 2011 and February 14, 2011. Docket 28, 34.

The trustee now agrees that the amount of the pro-rated bonus is $4,621.68. She seeks turnover of that amount plus the $175.00 in cash and bank funds (subtotal $4,796.68), less $1,550.00 in available exemptions under Ohio Revised Code §§ 2329.66(A)(3) and (A)(18), for a total of $3,246.68 to be turned over.[6]

Both parties cite the Lincoln Employees' Handbook to support their position:[7]

### Profit Sharing Bonus

Every year since 1934, eligible employees have received a profit sharing bonus in December. The bonus is not guaranteed and it does not happen automatically. The bonus is paid at the discretion of the Board of Directors of the Company and only if the Company is able to earn a profit. The size of the overall bonus is based on the profits of the Company, while your share is based on your individual pay and performance during the year. When the company is successful in generating a profit, a portion is shared with employees as a reward for their part in earning the profit . . . .

### Bonus Eligibility

Generally, to be eligible for bonus payment, you must be a Regular Employee and you must have been on the payroll prior to November 1 of the year in which the bonus is paid. Employees who leave the Company prior to August 1 will not be eligible to receive a bonus unless they leave due to retirement, military leave of absence, maternity leave of absence or permanent and total disability . . . .

Bonus-eligible employees with one year of service or more who leave the Company between August 1 and the bonus payment date are eligible to receive a bonus only if approved by the Chairman and Chief Executive Officer. If approved the bonus amount will be reduced by the number of days not worked during the calender year . . . .

---

[6] Trustee's brief at 1, docket 42.

[7] *See* trustee's brief (docket 42); and debtor's brief (docket 43).

> Bonus eligibility does not guarantee a bonus. It merely establishes an individual's ability to share in any bonus that may be declared in a particular year. Our Company Chairman and Chief Executive Officer is the final authority on bonus eligibility.

### III. DISCUSSION

#### A. Property of the Estate

A debtor's bankruptcy estate consists of all legal and equitable interests in property a debtor has when the case is filed. 11 U.S.C. § 541(a)(1); *In re Gaydos*, 441 B.R. 102, 103 (Bankr. N.D. Ohio 2010). "This definition is unquestionably broad, its main purpose being to 'bring anything of value that the debtors have into the [bankruptcy] estate.'" *Lyon v. Eiseman (In re Forbes)*, 372 B.R. 321, 330-31 (B.A.P. 6th Cir. 2007) (quoting *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 284-85 (B.A.P. 6th Cir. 2001)); *see also Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir. 2000) (acknowledging that section 541 is intended to be given a broad definition). Section 541(a)(1), however, does not expand a debtor's property rights. *Demczyk v. Mut. Life Ins. Co. Of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997). Bankruptcy Code § 542(a) requires a debtor to turn estate property over to the trustee, unless it is of "inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). The trustee has the burden of proof in a turnover action. *Kentucky Co. v. Hayes (In re Hayes)*, 407 F.2d 1031, 1033 (6th Cir. 1969).

Federal law determines what property is included in the estate, while state law controls whether the debtor has a legal or equitable interest in the property at the time the bankruptcy case is filed. *Butner v. United States*, 440 U.S. 48, 55 (1979); *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 502 (6th Cir. 2010). Under the former Bankruptcy Act, the United

4

States Supreme Court stated that "the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle*, 382 U.S. 375, 379 (1966). Although *Segal* was decided under the former Act, its holding is still relevant because the current Bankruptcy Code definition of estate property was intended to preserve and even broaden the definition of property. *See In re Johnston*, 209 F.3d at 613. "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993).

### 1. Under Ohio Law, Did the Debtor Have a Property Interest in the Bonus on the Filing Date?

As noted, Ohio law determines whether the debtor had a property interest in the bonus on the filing date. Although the debtor did not have a right to payment of the bonus on the day he filed, the employee handbook in effect on that date specified the circumstances under which his right to the bonus would arise. "Under Ohio law, '[a] contingent interest is one in which there is no present fixed right of either present or future enjoyment; but in which a fixed right will arise in the future under certain specified circumstances.'" *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 285 (B.A.P. 6th Cir. 2001) (quoting *Cleveland Trust Co. v. McQuade*, 142 N.E.2d 249, 257 (Ohio Ct. App. 1957)). Applying this definition, the debtor had a contingent property interest in the bonus at filing. This conclusion is supported by the fact that the debtor could alienate that interest under Ohio law, *id.* (citing *Moore v. Foresman*, 179 N.E.2d 349, 353 (Ohio 1962)), and could assign it, *see Gen. Excavator Co. v. Judkins*, 190 N.E. 389, 391 (Ohio 1934) (holding that money due and to become due under an existing contract may be assigned); *Pub. Fin. Co. v.*

5

*Rowe*, 174 N.E. 738 at syllabus (Ohio 1931) ("An assignment of wages to be earned in the future under an existing employment is valid."); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 321(1) ("Except as otherwise provided by statute, an assignment of a right to payment expected to arise out of an existing employment or other continuing business relationship is effective in the same way as an assignment of an existing right.").[8]

### 2. Is the Debtor's Contingent Property Interest in the Bonus at Filing Property of the Bankruptcy Estate under § 541?

In the case of contingent employee benefits such as the Lincoln bonus, it is often difficult to draw a line between contingent prepetition interests and postpetition interests. To do so, courts focus on § 541's temporal requirement and whether the debtor's interest is rooted in the pre-bankruptcy period. *See Segal*, 382 U.S. at 380 (stating that the loss-carry back refund claim at issue was "sufficiently rooted in the pre-bankruptcy past"); *Parks v. Dittmar* (*In re Dittmar*, 618 F.3d 1199, 1210 (10th Cir. 2010) (concluding that debtors' interest in stock appreciation rights "are sufficiently rooted in the pre-bankruptcy past"); *In re Booth*, 260 B.R. at 290 (same); *In re Edmonds*, 263 B.R. 828, 831 (E.D. Mich. 2001) (same).

The debtor argues that his interest in the bonus is not a part of the estate because he was not entitled to the bonus when he filed and because the employer did not guarantee that any

---

[8] Although certain provisions of the Ohio Code limit assignment of personal earnings, *see* OHIO REV. CODE §§ 1321.31-33, Ohio courts have determined (in a different context) that a Lincoln Electric bonus is not personal earnings, *see Kalasunas v. Brydle*, No. 52379, 1987 WL 13028 (Ohio Ct. App. June 18, 1987); and *Bank One, Cleveland, N.A. v. Lincoln Elec. Co.*, 563 N.E.2d 381 (1990). However, even if the bonus is properly characterized as wages or salary for purposes of those provisions, Bankruptcy Code § 541(c)(1) provides that the restriction on transfer which they impose would not serve to exclude the debtor's interest in the bonus from the estate. *See* 11 U.S.C. § 541(c)(1).

6

10-15891-pmc    Doc 45    FILED 08/24/11    ENTERED 08/24/11 14:59:14    Page 6 of 9

employee would receive a bonus.  He relies largely on *Vogel v. Palmer (In re Palmer)*, 57 B.R. 332 (Bankr. W.D. Va. 1986), which held that a Lincoln Electric bonus was not estate property. Like the debtor here, that debtor's entitlement to a bonus was conditioned on his continued postpetition employment and the discretion of his employer.  Based on those facts, the court concluded that the debtor "did not have any right to the bonus when his case commenced . . . [and found] that the bonus payment is sufficiently rooted in postpetition events so as to constitute after-acquired property which would not pass to the Trustee as property of the estate."  57 B.R. at 337 (internal quotation marks and citation deleted).

The trustee, on the other hand, relies on the *Booth* decision in which the Sixth Circuit Bankruptcy Appellate Panel concluded that a debtor's prepetition interest in a prospective bonus was property of the estate.  The employer, Daimler-Chrysler Corp., had a profit sharing program under a collective bargaining agreement, which program required (1) the employee to be employed through the end of the year to receive a bonus; and (2) the company to show a profit at that time.  The debtor filed his bankruptcy case in September.  The BAP extensively reviewed the case law in which a debtor's contingent interest in property has been held to be property of the estate, concluded that contingencies in the debtor's plan were indistinguishable from those interests, and ruled that the prepetition interest was estate property.  260 B.R. at 285-87.

The *Booth* facts are different from the facts in this case and in the *Palmer* case because the *Booth* employer did not reserve any discretion to pay the bonus.  In the course of its discussion, however, the *Booth* court did consider whether the debtor had to have an enforceable right to the bonus at filing for the bonus to be estate property.  The BAP did so in the context of analyzing *Sharp v. Dery*, 253 B.R. 204 (E.D. Mich. 2000), a decision which relied on *Palmer*.

7

The *Booth* opinion states that –

> There is a fundamental problem with *Sharp*. Focusing on whether the debtor had an "enforceable" contract right when the petition was filed would exclude *all* contingent interests from the bankruptcy estate, because by definition, a contingent interest is not "enforceable' until the contingency is met. The approach in *Sharp* is thus inconsistent with the broad concept of property of the estate in § 541(a)(1) and with the extensive case law . . . holding that a contingent interest can be property of the estate. Section 541 neither states nor implies any requirement that the debtor must have an enforceable interest in property for that interest to become property of the bankruptcy estate.

260 B.R. at 290. This court agrees with the BAP's reasoning and conclusion as to the scope of § 541(a)(1). Although the debtor's right to receive a bonus in this case was conditioned on his continued employment at Lincoln and on its decision to declare a bonus, he had an interest in the bonus at the time he filed his case based on his prepetition employment, and that interest is an asset of his bankruptcy estate. *See In re Edwards*, No. 08-18675 (Bankr. N.D. Ohio Aug. 17, 2009).

### B. Exemptions

The parties agree that the debtor is entitled to exempt certain amounts under Ohio law. *See* 11 U.S.C. § 522(b)(2); Ohio Rev. Code § 2329.662 (in which Ohio opts out of the federal exemptions stated in § 522 and chooses to use Ohio exemptions instead). The trustee seeks turnover of $3,246.68 calculated in this fashion: she values the bonus interest at $4,621.68, adds $175.00 in cash and bank funds (subtotal $4,796.68), and then subtracts exemptions of $1,550.00, which the debtor initially scheduled. This analysis, however, does not account for the debtor's amended schedule C in which he claims the entire $4,621.68 value of the bonus interest as exempt. Based on the debtor's initial and amended exemption claims, all of the monies which

8

the trustee is seeking in this matter have been exempted by the debtor without objection.[9]

Consequently, the debtor is not required to turn over the funds.

## IV. **CONCLUSION**

For the reasons stated, the trustee's motion is denied.

IT IS SO ORDERED.

                                               /s/ Pat E. Morgenstern-Clarren
                                               Pat E. Morgenstern-Clarren
                                               United States Bankruptcy Judge

---

[9] *See* FED. R. BANKR. P. 4003(b) providing that a party in interest may object to a debtor's claim of exemptions "within 30 days after the meeting of creditors . . . is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later").